### FISHER v. SCHMUKLER et al.

(Supreme Court, Appellate Term, First Department. June 2, 1916.)

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Elizabeth M. Fisher against Jacob J. Schmukler and others. Judgment for defendant Schmukler, and plaintiff appeals. Judgment affirmed, without opinion.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

John A. Carney, of New York City, for appellant.
Morris & Samuel Meyers, of New York City, for respondents.

PER CURIAM. Affirmed.

WHITAKER, J. (dissenting). The landlord appellant leased certain premises on Canal street to the tenant under a written lease, for the term of 25 years and 2 months, from the 1st day of November, 1913, at the monthly rent of $208.33 in advance, "and in addition thereto and as part of said rent the semiannual taxes, commencing with November, 1913, also assessments and water rates levied thereon after November 1, 1913, except that the assessment for 'widening of Canal street,' when finally confirmed, will be paid by the party of the first part. Such taxes, assessments, and water rates to be paid within 30 days after the same become due and payable, and if not so paid the same shall be added to and become a part of the monthly rent. * * * "

There was an assessment levied on the property, and a bill for such assessment was obtained by the landlord, such bill being entitled "Canal Street Regulating, etc.," amounting to $740.55. On the 1st day of December, 1915, the landlord claimed that the rent and the said assessment became due, and payment was demanded and refused. The tenant admits the rent to be due and has made proper tender to landlord, who refused it, and tenant has deposited it with the clerk of the court. The tenant refused to pay the assessment, denying that he agreed to pay it, and alleging in his answer that the landlord agreed to pay it. The tenant upon the trial contended that this covenant in question was ambiguous, and therefore was susceptible to explanation and contradiction.

It is elementary that all prior negotiations are merged in a written contract, and that parol evidence is inadmissible to vary or contradict such a contract, or to show a different intention than that expressed. Trustees of Southampton v. Jessup, 173 N. Y. 84, 65 N. E. 949; White's Bank v. Myles, 73 N. Y. 335, 340, 29 Am. Rep. 157. Nor

does ignorance of the extent of the obligation assumed in a written instrument, in the absence of fraud or misrepresentation, constitute a defense. Western N. Y. Life Ins. Co. v. Clinton, 66 N. Y. 326. The case was tried upon the theory that the provision in the lease above quoted was ambiguous, and therefore, conversations had between the parties, both prior and subsequent to the execution of the lease, for the purpose of contradicting its provision, were proper evidence.

I am unable to discover any ambiguity. It is a plain, simple statement. The tenant agreed to pay all assessments, except an assessment for the "widening" of Canal street. The term "widening" has a well-known meaning, when used as it was used in the lease, in reference to street improvements. There are assessments for widening streets, for grading and regulating streets, and for opening streets. The tenant was required to pay all assessments, except for "widening" Canal street. The "widening" of Canal street was the only exception. I find no evidence in the case sufficient to establish the fact that the assessment for which payment was demanded was for "widening" Canal street, and that the assessment in question was within the exception. The learned justice who tried the case expressly states in his opinion that "the evidence leaves no doubt that Canal street was not widened, but opened." Under this statement the justice has actually found that there was no "widening," and, if there was no "widening," the assessment could not have been for widening, and under the express terms of the lease the one assessment the tenant was excused from paying was for the "widening" of Canal street. The opinion of the learned justice further states, as part of the above quoted sentence:

"Hence the language employed by the parties has no particular, definite, or fixed meaning. Besides, it is doubtful if the word 'widening,' in the sense used, has a definite and fixed meaning standing by itself. To this extent, therefore, the lease is ambiguous, and parol evidence of the surrounding circumstances was received to assist the court in ascertaining the intent of the parties. I am convinced from the evidence in the case that it was intended the landlord, and not the tenant, shall pay all assessments consequent upon or having to do with the opening of said street."

The learned justice has converted an express covenant upon the part of the tenant to pay the assessment into a covenant upon the part of the landlord to pay it. He has not only relieved the tenant from performance of his express covenant upon the ground of an alleged ambiguity, but has cast the burden of performance upon the landlord. I do not think there was any such ambiguity or uncertainty in the tenant's covenant as would justify such a conclusion. The only defense, in my opinion, which was available to the tenant, was to show that the assessment was for "widening" Canal street and therefore within the exception. This he failed to do, as the court has expressly found, and, having failed in this, the landlord was, I think, entitled to the relief prayed for. I know of no rule of construction which would allow the court to disregard and completely change a plain and single covenant by substituting one or more words in the place of an ordinary word used by the parties to the covenant.

For these reasons, the order should be reversed, with $30 costs, and the order asked for in the landlord's petition granted.